IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PAULA K. STONE,                          08-CV-356-BR

      Plaintiff,

                          OPINION AND ORDER

v.

BAYER CORPORATION LONG TERM
DISABILITY PLAN and BAYER
CORPORATION,

      Defendants.


RALPH E. WISER
Wiser & Associates
1 Centerpointe Drive, Suite 570
Lake Oswego, OR 97035
(503) 620-5577

       Attorneys for Plaintiff

KATHERINE S. SOMERVELL
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4454


1 - OPINION AND ORDER

**NICOLE A. DILLER**
**DONALD P. SULLIVAN**
Morgan Lewis & Bockius LLP
One Market Street
Spear Street Tower
San Francisco , CA 94105
(415) 442-1312

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on the parties' proposed forms of Judgment.

<u>BACKGROUND</u>

      On January 15, 2010, the Court entered an Opinion and Order in which it granted Plaintiff Paula K. Stone's Motion for Summary Judgment and denied the Cross-Motion for Summary Judgment of Defendants Bayer Corporation Long Term Disability Plan and Bayer Corporation.  On that same date, the Court entered an Order directing the parties to confer and to submit a proposed form of judgment or, if the parties could not agree on the form of judgment, to submit alternative proposals with short statements explaining the basis for any differences.

      On March 9, 2010, the parties submitted a Joint Status Report in which they identified several issues as to the form of judgment to be entered in this matter and included the parties' proposed forms of judgment.

2 - OPINION AND ORDER

On March 11, 2010, the Court again directed the parties to confer in an effort to resolve or to narrow the issues.

On March 31, 2010, the parties filed a Second Joint Status Report in which they identified the issues that remained: (1) whether Defendants could offset past-due insurance premiums from Plaintiff's award of past-due, long-term disability (LTD) benefits and (2) whether Plaintiff is entitled to prejudgment interest.

On April 19, 2010, the Court held a status conference and directed the parties to further brief the remaining issues.

On June 16, 2010, the Court heard oral argument regarding the parties' proposed forms of judgment.

## DISCUSSION

Defendants seek a provision in the judgment, allowing them to deduct $9,380.86 from the award for past-due LTD benefits for 2005-2010 insurance premiums for Plaintiff's medical, vision, dental, accidental death and dismemberment, and life insurance. Plaintiff seeks an award of prejudgment interest.

**I.    Health insurance premiums**

Defendants contend they may deduct $9,380.86 from Plaintiff's award for past-due LTD benefits for 2005-2010 insurance premiums for Plaintiff's medical, vision, dental,

accidental death and dismemberment, and life insurance.[1]
Plaintiff contends there is not any language in the LTD Plan that
allows for offset of these premiums, and, in any event,
Defendants seek recovery of money, which does not constitute the
kind of equitable relief available to fiduciaries such as
Defendants under the Employee Retirement Income Security Act
(ERISA), 29 U.S.C. § 1132.

### A.    Plan language

Defendants rely on various provisions of the ERISA Plan
to establish a right of offset.  For the reasons stated on the
record at oral argument, the Court finds Defendants properly rely
on those provisions, and the Court, therefore, concludes the Plan
Administrator's interpretation of the Plan's "mistake" provision
that allows an offset against Plaintiff's award of benefits is
not unreasonable and, accordingly, is not an abuse of discretion.

### B.    Equitable remedies

Plaintiff also contends even if the Plan allows for
offset, recovery of the offset is not an equitable remedy, and,
therefore, it is not recoverable by a fiduciary in an action
under ERISA.  Specifically, Plaintiff contends Defendants seek to
recover the premiums at issue as a form of restitution, which is
not equitable relief and, therefore, is not available to

---

[1] It is undisputed that Defendants did not bill or charge
Plaintiff for these premiums from April 2005 to the present and
these are not premiums for Plaintiff's LTD benefits.

fiduciaries under ERISA.  Plaintiff relies on *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002), to support her argument.

In *Great West*, the Court distinguished legal remedies from equitable remedies as follows:

> In cases in which the plaintiff "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution at law through an action derived from the common-law writ of assumpsit.  1 Dobbs § 4.2(1), at 571.  *See also Muir, supra*, at 37.  In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money."  Restatement of Restitution § 160, Comment a, pp. 641-642 (1936).  Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).
>
> In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.  *See* 1 Dobbs § 4.3(1), at 587-588; Restatement of Restitution, supra, § 160, Comment a, at 641-642; 1 G. Palmer, Law of Restitution § 1.4, p. 17; § 3.7, p. 262 (1978).  A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. . . .  Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

*Id.* at 213.  The Court noted:

> Here, the funds to which petitioners claim an
> entitlement under the Plan's reimbursement
> provision-the proceeds from the settlement of
> respondents' tort action-are not in respondents'
> possession. . . .  [D]isbursements from the
> [state-court] settlement were paid by two checks,
> one made payable to the Special Needs Trust and
> the other to respondents' attorney (who, after
> deducting his own fees and costs, placed the
> remaining funds in a client trust account from
> which he tendered checks to respondents' other
> creditors, Great West and Medi-Cal).  The basis
> for petitioners' claim is not that respondents
> hold particular funds that, in good conscience,
> belong to petitioners, but that petitioners are
> contractually entitled to some funds for benefits
> that they conferred.  The kind of restitution that
> petitioners seek, therefore, is not equitable-the
> imposition of a constructive trust or equitable
> lien on particular property - but legal - the
> imposition of personal liability for the benefits
> that they conferred upon respondents.

*Id.* at 214.  The Court rejected the contention that "the common

law of trusts provides petitioners with equitable remedies that

allow them to bring this action under § [1132](a)(3) . . .

[because] a trustee could bring a suit to enforce an agreement by

a beneficiary to pay money into a trust or to repay an advance

made from the trust" and found "these trust remedies are simply

inapposite."  *Id.* at 219.  In summary, the Court concluded:

> In the very same section of ERISA as
> § [1132](a)(3), Congress authorized "a
> participant or beneficiary" to bring a civil
> action "to enforce his rights under the terms of
> the plan," without reference to whether the relief
> sought is legal or equitable.  29 U.S.C.
> § 1132(a)(1)(B) (1994 ed.).  But Congress did not
> extend the same authorization to fiduciaries.
> Rather, § [1132](a)(3), by its terms, only allows

for equitable relief.  We will not attempt to
adjust the "carefully crafted and detailed
enforcement scheme" embodied in the text that
Congress has adopted.  *Mertens, supra*, at 254, 113
S.Ct. 2063.  Because petitioners are seeking legal
relief – the imposition of personal liability on
respondents for a contractual obligation to pay
money – § [1132](a)(3) does not authorize this
action.  Accordingly, we affirm the judgment of
the Court of Appeals.

*Id*. at 220-21.

For the reasons stated on the record, the Court finds

*Great West* analogous to the circumstances of this case.

Accordingly, the Court concludes the relief sought by Defendants

is not equitable relief, and, therefore, Defendants' "offset"

claim is not a remedy available to fiduciaries under ERISA.

Accordingly, the Court denies Defendants' request for offset

against Plaintiff's past-due LTD benefits.[2]

**II.  Prejudgment interest**

Plaintiff requests prejudgment interest on her award.

Defendants object on the ground that Plaintiff has not

established Defendants acted in bad faith when they denied her

claim for benefits.  Defendants also contend even if the Court

awards prejudgment interest, it should do so at the one-year

United States Treasury Constant Maturities (T-Bills) rate rather

than the 9% rate Plaintiff seeks.

---

[2] The Court does not express an opinion as to whether
Defendants have other avenues or are able (outside the context of
this action) to recover the past-due premiums it recently
discovered it did not collect.

A.    **Entitlement to prejudgment interest**

"A district court may award prejudgment interest on an
award of ERISA benefits at its discretion." *Blankenship v.
Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir.
2007).  "The exercise of that discretion is to be guided by
fairness and balancing the equities." *Perez v. Cozen & O'Connor
Group Long Term Disability Coverage*, No. 07cv0837 DMS(AJB), 2008
WL 6693714, at *1 (S.D. Cal. Aug. 19, 2008)(citing *Shaw v. Int'l
Ass'n of Machinists and Aerospace Workers Pension Plan*, 750 F.2d
1458, 1465 (9th Cir. 1985)).  "Among the factors to be considered
in determining whether prejudgment interest should be awarded is
the presence or absence of bad faith or ill will." *Smyrni v.
U.S. Investigations Serv. LLP*, No. C 08-4360 PJH, 2010 WL 807445,
at *3 (N.D. Cal., Mar. 5, 2010)(quoting *Landwehr v. DuPree*, 72
F.3d 726, 739 (9th Cir. 1995)).

"[M]oney has a time value, and prejudgment interest is
therefore necessary in the ordinary case to compensate a
plaintiff fully for a loss suffered at time t and not compensated
until t + 1." *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 922 (9th
Cir. 1995)(internal citations omitted).  Thus, an award of
prejudgment interest serves as an element of compensation rather
than a penalty. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d
974, 988 (9th Cir. 2001).

Defendants contend Plaintiff should not be awarded

prejudgment interest because Defendants did not act in bad faith
when they denied Plaintiff's claim.  Bad faith, however, is only
one factor for the court to consider when evaluating fairness and
equity.  Here Defendants denied Plaintiff benefits for five years
only three months after paying her the past-due benefits they had
earlier denied her for approximately four years.  Plaintiff was
required to file two federal court actions to obtain her benefits
and, therefore, has been litigating her LTD benefits for nearly a
decade in an effort to obtain consistent LTD coverage.  On this
record, for the reasons the Court noted at oral argument and in
the exercise of the Court's discretion, the Court grants
Plaintiff's request for prejudgment interest.

> **B.    Interest rate**

"Generally, 'the interest rate prescribed for
post-judgment interest under 28 U.S.C. § 1961 is appropriate for
fixing the rate of pre-judgment interest [in an ERISA matter]
unless the trial judge finds, on substantial evidence, that the
equities of that particular case require a different rate.'"
*Blankenship*, 486 F.3d at 628 (quoting *Grosz-Salomon v. Paul
Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001)).  The
interest rate for prejudgment interest under § 1961 is the rate
applicable to one-year T-Bills.  *Grosz-Salomon*, 237 F.3d at 1163-
64.

Here Plaintiff has not produced any evidence to

establish she suffered the loss of an ability to invest money in
funds at a rate of return higher than that earned on T-Bills or
that she had to borrow money at a higher rate to compensate for
lost benefits.  Plaintiff merely states the rate under § 1961
"will not adequately compensate [her] for the denial of benefits
over the five year period."  Absent any authority to support a
rate other than that proscribed in § 1961, the Court awards
Plaintiff prejudgment interest at the one-year T-Bill rate found
at http://www.federalreserve.gov/releases/H15/current/.

## <u>CONCLUSION</u>

For these reasons, the Court **GRANTS** Plaintiff's request for
prejudgment interest as set out in this Opinion and Order and
**DENIES** Defendants' request to offset Plaintiff's award of LTD
benefits by the amount of 2005-2010 unpaid premiums for
Plaintiff's medical, vision, dental, accidental death and
dismemberment, and life insurance.

The Court **DIRECTS** Plaintiff to submit a form of judgment
consistent with this Opinion and Order by **June 28, 2010.**

IT IS SO ORDERED.

DATED this 21st day of June, 2010.

/S/ Anna J. Brown

_____
ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

PORTLAND DIVISION


PAULA K. STONE,                                    08-CV-356-BR

       Plaintiff,

                                 OPINION AND ORDER

v.

BAYER CORPORATION LONG TERM
DISABILITY PLAN and BAYER
CORPORATION,

       Defendants.


RALPH E. WISER
Wiser & Associates
1 Centerpointe Drive, Suite 570
Lake Oswego, OR 97035
(503) 620-5577

       Attorneys for Plaintiff

KATHERINE S. SOMERVELL
Bullivant Houser Bailey, PC
300 Pioneer Tower
888 S.W. Fifth Avenue
Portland, OR 97204
(503) 499-4454

1 - OPINION AND ORDER

**NICOLE A. DILLER**
**DONALD P. SULLIVAN**
Morgan Lewis & Bockius LLP
One Market Street
Spear Street Tower
San Francisco , CA 94105
(415) 442-1312

      Attorneys for Defendants

**BROWN, Judge.**

      This matter comes before the Court on the parties' proposed forms of Judgment.

<u>**BACKGROUND**</u>

      On January 15, 2010, the Court entered an Opinion and Order in which it granted Plaintiff Paula K. Stone's Motion for Summary Judgment and denied the Cross-Motion for Summary Judgment of Defendants Bayer Corporation Long Term Disability Plan and Bayer Corporation.  On that same date, the Court entered an Order directing the parties to confer and to submit a proposed form of judgment or, if the parties could not agree on the form of judgment, to submit alternative proposals with short statements explaining the basis for any differences.

      On March 9, 2010, the parties submitted a Joint Status Report in which they identified several issues as to the form of judgment to be entered in this matter and included the parties' proposed forms of judgment.

2 - OPINION AND ORDER

On March 11, 2010, the Court again directed the parties to confer in an effort to resolve or to narrow the issues.

On March 31, 2010, the parties filed a Second Joint Status Report in which they identified the issues that remained: (1) whether Defendants could offset past-due insurance premiums from Plaintiff's award of past-due, long-term disability (LTD) benefits and (2) whether Plaintiff is entitled to prejudgment interest.

On April 19, 2010, the Court held a status conference and directed the parties to further brief the remaining issues.

On June 16, 2010, the Court heard oral argument regarding the parties' proposed forms of judgment.

## **DISCUSSION**

Defendants seek a provision in the judgment, allowing them to deduct $9,380.86 from the award for past-due LTD benefits for 2005-2010 insurance premiums for Plaintiff's medical, vision, dental, accidental death and dismemberment, and life insurance. Plaintiff seeks an award of prejudgment interest.

## I.   **Health insurance premiums**

Defendants contend they may deduct $9,380.86 from Plaintiff's award for past-due LTD benefits for 2005-2010 insurance premiums for Plaintiff's medical, vision, dental,

3 - OPINION AND ORDER

accidental death and dismemberment, and life insurance.[1]
Plaintiff contends there is not any language in the LTD Plan that
allows for offset of these premiums, and, in any event,
Defendants seek recovery of money, which does not constitute the
kind of equitable relief available to fiduciaries such as
Defendants under the Employee Retirement Income Security Act
(ERISA), 29 U.S.C. § 1132.

### A.    Plan language

Defendants rely on various provisions of the ERISA Plan
to establish a right of offset.  For the reasons stated on the
record at oral argument, the Court finds Defendants properly rely
on those provisions, and the Court, therefore, concludes the Plan
Administrator's interpretation of the Plan's "mistake" provision
that allows an offset against Plaintiff's award of benefits is
not unreasonable and, accordingly, is not an abuse of discretion.

### B.    Equitable remedies

Plaintiff also contends even if the Plan allows for
offset, recovery of the offset is not an equitable remedy, and,
therefore, it is not recoverable by a fiduciary in an action
under ERISA.  Specifically, Plaintiff contends Defendants seek to
recover the premiums at issue as a form of restitution, which is
not equitable relief and, therefore, is not available to

---

[1] It is undisputed that Defendants did not bill or charge
Plaintiff for these premiums from April 2005 to the present and
these are not premiums for Plaintiff's LTD benefits.

4 - OPINION AND ORDER

fiduciaries under ERISA.  Plaintiff relies on *Great West Life & Annuity Insurance Company v. Knudson*, 534 U.S. 204 (2002), to support her argument.

In *Great West*, the Court distinguished legal remedies from equitable remedies as follows:

> In cases in which the plaintiff "could not assert title or right to possession of particular property, but in which nevertheless he might be able to show just grounds for recovering money to pay for some benefit the defendant had received from him," the plaintiff had a right to restitution at law through an action derived from the common-law writ of assumpsit.  1 Dobbs § 4.2(1), at 571.  *See also Muir, supra*, at 37.  In such cases, the plaintiff's claim was considered legal because he sought "to obtain a judgment imposing a merely personal liability upon the defendant to pay a sum of money."  Restatement of Restitution § 160, Comment a, pp. 641-642 (1936).  Such claims were viewed essentially as actions at law for breach of contract (whether the contract was actual or implied).
>
> In contrast, a plaintiff could seek restitution in equity, ordinarily in the form of a constructive trust or an equitable lien, where money or property identified as belonging in good conscience to the plaintiff could clearly be traced to particular funds or property in the defendant's possession.  *See* 1 Dobbs § 4.3(1), at 587-588; Restatement of Restitution, supra, § 160, Comment a, at 641-642; 1 G. Palmer, Law of Restitution § 1.4, p. 17; § 3.7, p. 262 (1978).  A court of equity could then order a defendant to transfer title (in the case of the constructive trust) or to give a security interest (in the case of the equitable lien) to a plaintiff who was, in the eyes of equity, the true owner. . . .  Thus, for restitution to lie in equity, the action generally must seek not to impose personal liability on the defendant, but to restore to the plaintiff particular funds or property in the defendant's possession.

5 - OPINION AND ORDER

*Id*. at 213.   The Court noted:

> Here, the funds to which petitioners claim an
> entitlement under the Plan's reimbursement
> provision-the proceeds from the settlement of
> respondents' tort action-are not in respondents'
> possession. . . .   [D]isbursements from the
> [state-court] settlement were paid by two checks,
> one made payable to the Special Needs Trust and
> the other to respondents' attorney (who, after
> deducting his own fees and costs, placed the
> remaining funds in a client trust account from
> which he tendered checks to respondents' other
> creditors, Great West and Medi-Cal).   The basis
> for petitioners' claim is not that respondents
> hold particular funds that, in good conscience,
> belong to petitioners, but that petitioners are
> contractually entitled to some funds for benefits
> that they conferred.   The kind of restitution that
> petitioners seek, therefore, is not equitable-the
> imposition of a constructive trust or equitable
> lien on particular property - but legal - the
> imposition of personal liability for the benefits
> that they conferred upon respondents.

*Id*. at 214.   The Court rejected the contention that "the common

law of trusts provides petitioners with equitable remedies that

allow them to bring this action under § [1132](a)(3) . . .

[because] a trustee could bring a suit to enforce an agreement by

a beneficiary to pay money into a trust or to repay an advance

made from the trust" and found "these trust remedies are simply

inapposite."   *Id*. at 219.   In summary, the Court concluded:

> In the very same section of ERISA as
> § [1132](a)(3), Congress authorized "a
> participant or beneficiary" to bring a civil
> action "to enforce his rights under the terms of
> the plan," without reference to whether the relief
> sought is legal or equitable.   29 U.S.C.
> § 1132(a)(1)(B) (1994 ed.).   But Congress did not
> extend the same authorization to fiduciaries.
> Rather, § [1132](a)(3), by its terms, only allows

6 - OPINION AND ORDER

for equitable relief.  We will not attempt to adjust the "carefully crafted and detailed enforcement scheme" embodied in the text that Congress has adopted.  *Mertens, supra*, at 254, 113 S.Ct. 2063.  Because petitioners are seeking legal relief – the imposition of personal liability on respondents for a contractual obligation to pay money – § [1132](a)(3) does not authorize this action.  Accordingly, we affirm the judgment of the Court of Appeals.

*Id*. at 220-21.

For the reasons stated on the record, the Court finds *Great West* analogous to the circumstances of this case. Accordingly, the Court concludes the relief sought by Defendants is not equitable relief, and, therefore, Defendants' "offset" claim is not a remedy available to fiduciaries under ERISA. Accordingly, the Court denies Defendants' request for offset against Plaintiff's past-due LTD benefits.[2]

## II.  Prejudgment interest

Plaintiff requests prejudgment interest on her award. Defendants object on the ground that Plaintiff has not established Defendants acted in bad faith when they denied her claim for benefits.  Defendants also contend even if the Court awards prejudgment interest, it should do so at the one-year United States Treasury Constant Maturities (T-Bills) rate rather than the 9% rate Plaintiff seeks.

---

[2] The Court does not express an opinion as to whether Defendants have other avenues or are able (outside the context of this action) to recover the past-due premiums it recently discovered it did not collect.

7 - OPINION AND ORDER

A.   **Entitlement to prejudgment interest**

"A district court may award prejudgment interest on an award of ERISA benefits at its discretion." *Blankenship v. Liberty Life Assurance Co. of Boston*, 486 F.3d 620, 627 (9th Cir. 2007). "The exercise of that discretion is to be guided by fairness and balancing the equities." *Perez v. Cozen & O'Connor Group Long Term Disability Coverage*, No. 07cv0837 DMS(AJB), 2008 WL 6693714, at *1 (S.D. Cal. Aug. 19, 2008)(citing *Shaw v. Int'l Ass'n of Machinists and Aerospace Workers Pension Plan*, 750 F.2d 1458, 1465 (9th Cir. 1985)). "Among the factors to be considered in determining whether prejudgment interest should be awarded is the presence or absence of bad faith or ill will." *Smyrni v. U.S. Investigations Serv. LLP*, No. C 08-4360 PJH, 2010 WL 807445, at *3 (N.D. Cal., Mar. 5, 2010)(quoting *Landwehr v. DuPree*, 72 F.3d 726, 739 (9th Cir. 1995)).

"[M]oney has a time value, and prejudgment interest is therefore necessary in the ordinary case to compensate a plaintiff fully for a loss suffered at time t and not compensated until t + 1." *Hopi Tribe v. Navajo Tribe*, 46 F.3d 908, 922 (9th Cir. 1995)(internal citations omitted). Thus, an award of prejudgment interest serves as an element of compensation rather than a penalty. *Dishman v. UNUM Life Ins. Co. of Am.*, 269 F.3d 974, 988 (9th Cir. 2001).

Defendants contend Plaintiff should not be awarded

8 - OPINION AND ORDER

prejudgment interest because Defendants did not act in bad faith when they denied Plaintiff's claim.  Bad faith, however, is only one factor for the court to consider when evaluating fairness and equity.  Here Defendants denied Plaintiff benefits for five years only three months after paying her the past-due benefits they had earlier denied her for approximately four years.  Plaintiff was required to file two federal court actions to obtain her benefits and, therefore, has been litigating her LTD benefits for nearly a decade in an effort to obtain consistent LTD coverage.  On this record, for the reasons the Court noted at oral argument and in the exercise of the Court's discretion, the Court grants Plaintiff's request for prejudgment interest.

**B.    Interest rate**

"Generally, 'the interest rate prescribed for post-judgment interest under 28 U.S.C. § 1961 is appropriate for fixing the rate of pre-judgment interest [in an ERISA matter] unless the trial judge finds, on substantial evidence, that the equities of that particular case require a different rate.'" *Blankenship*, 486 F.3d at 628 (quoting *Grosz-Salomon v. Paul Revere Life Ins. Co.*, 237 F.3d 1154, 1164 (9th Cir. 2001)).  The interest rate for prejudgment interest under § 1961 is the rate applicable to one-year T-Bills.  *Grosz-Salomon*, 237 F.3d at 1163-64.

Here Plaintiff has not produced any evidence to

9 - OPINION AND ORDER

establish she suffered the loss of an ability to invest money in funds at a rate of return higher than that earned on T-Bills or that she had to borrow money at a higher rate to compensate for lost benefits.  Plaintiff merely states the rate under § 1961 "will not adequately compensate [her] for the denial of benefits over the five year period."  Absent any authority to support a rate other than that proscribed in § 1961, the Court awards Plaintiff prejudgment interest at the one-year T-Bill rate found at http://www.federalreserve.gov/releases/H15/current/.

### **CONCLUSION**

For these reasons, the Court **GRANTS** Plaintiff's request for prejudgment interest as set out in this Opinion and Order and **DENIES** Defendants' request to offset Plaintiff's award of LTD benefits by the amount of 2005-2010 unpaid premiums for Plaintiff's medical, vision, dental, accidental death and dismemberment, and life insurance.

The Court **DIRECTS** Plaintiff to submit a form of judgment consistent with this Opinion and Order by **June 28, 2010.**

IT IS SO ORDERED.

DATED this 21st day of June, 2010.

/S/ Anna J. Brown

_____

ANNA J. BROWN
United States District Judge

10 - OPINION AND ORDER